**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

| | |
|---|---|
| **NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,** )<br>)<br>) | |
| **Plaintiff,** ) | |
| )<br>**v.** ) | **Case No.:**_____ |
| )<br>**SHANNAN ROBERTS,** )<br>**PATRICIA ROBERTS and** )<br>**LEE ANN ROBERTS,** )<br>) | |
| **Defendants.** ) | |

## COMPLAINT IN INTERPLEADER

COMES NOW Plaintiff New York Life Insurance Company (the "Company"), by and through its undersigned counsel, and for its Complaint in Interpleader alleges as follows:

### PARTIES

1.     The Company is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 51 Madison Avenue, New York, New York. The Company is duly authorized to do business in the State of Alabama.

2.     Upon information and belief, Defendant Shannan League Roberts ("Shannan Roberts")[1] is an adult resident and citizen of Huntsville, Alabama.

3.     Upon information and belief, Defendant Patricia Roberts is an adult resident and citizen of Destin, Florida.

4.     Upon information and belief Defendant Lee Ann Roberts is an adult resident and citizen of Huntsville, Alabama.

### JURISDICTION AND VENUE

---

[1] At times in the attached exhibits Shannan Roberts is referred to as Shannon Roberts. Upon information and belief, the correct spelling of this Defendant's name is Shannan Roberts.

5.     This Court has jurisdiction under Title 28 U.S. C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. The Company is a Delaware and New York citizen for diversity purposes and, upon information and belief, the Defendants are citizens of Alabama and Florida.

6.     This Court also has jurisdiction under 28 U.S.C. § 1335 in that the Defendants are of diverse citizenship and the amount in controversy exceeds $500.00. There is minimal diversity between the claimants under State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523 (1967). Upon information and belief, the Defendants are citizens of Alabama and Florida.

7.     Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

### POLICY NUMBER 23920789: THE TERM EXTENSION POLICY

8.     On or about May 23, 2014, the Company issued individual life insurance policy number 23920789 (the "Term Extension Policy") to William Barrier Roberts (the "Insured"), which provided coverage on the life of the Insured.

9.     By Application dated May 22, 2014, the Insured designated his wife, Shannan Roberts, as beneficiary to 50% of the Term Extension Policy death benefits. He designated his daughters, Patricia Roberts and Lee Ann Roberts, each as a beneficiary to 25% of the Term Extension Policy death benefits. *A copy of the relevant portion of the Application dated May 22, 2014 is attached hereto as **Exhibit A**.*

10.     By Change of Beneficiary Request dated June 25, 2018, the Insured designated Shannan Roberts as sole Primary Beneficiary to the Term Extension Policy death benefits.  *A copy of the Change of Beneficiary Request is attached hereto as **Exhibit B.***

11.     By Change of Beneficiary Request submitted February 19, 2019, the Insured designated his daughters, Patricia and Lee Anne Roberts, as equal Primary Beneficiaries to the Term Extension Policy death benefits. *A copy of the Change of Beneficiary Request is attached hereto as **Exhibit C.***

POLICY NUMBER 46749958:  THE WHOLE LIFE POLICY 1

12.     On or about May 11, 2000, the Company issued individual life insurance policy number 46749958 (the "Whole Life Policy 1") to the Insured, which provided coverage on the life of the Insured.

13.     On or about May 15, 2000, the Insured designated his wife, Shannan Roberts, as sole Primary Beneficiary to the Whole Life Policy 1 death benefits.  He designated his daughters, Patricia Roberts and Lee Anne Roberts, as equal Secondary Beneficiaries to the Whole Life Policy 1 death benefits. *A copy of the relevant portion of the Application dated May 15, 2000 is attached hereto as **Exhibit D.***

14.     By Change of Beneficiary Request dated April 4, 2003, the Insured designated his daughters Patricia and Lee Anne Roberts equal primary beneficiaries to the Whole Life Policy 1 death benefit. *A copy of the Change of Beneficiary request is attached hereto as **Exhibit E.***

15.     By Change of Beneficiary Request dated January 21, 2010, the Insured designated his wife Shannan Roberts as sole Primary Beneficiary to the Whole Life Policy 1 death benefits. He designated his daughters Patricia and Lee Ann Roberts equal Secondary Beneficiaries to the

Whole Life Policy 1 death benefits. *A copy of the Change of Beneficiary Request is attached hereto as **Exhibit F.***

16.     By Change of Beneficiary Request submitted February 19, 2019, the Insured designated Patricia and Lee Anne Roberts as equal Primary Beneficiaries to the Whole Life Policy 1 death benefits. *See **Exhibit C.***

POLICY NUMBER 61305878: UNIVERSAL LIFE POLICY

17.     On or about June 16, 2017, the Company issued individual life insurance policy number 61305878 (the "Universal Life Policy") to the Insured, which provided coverage on the life of the Insured.

18.     On or about June 15, 2017, the Insured designated his wife, Shannan Roberts, as sole Primary Beneficiary to the Universal Life Policy death benefits.  He designated his daughters, Patricia Roberts and Lee Anne Roberts, as equal Secondary Beneficiaries to the Universal Life Policy death benefits. *A copy of the relevant portion of the Application dated June 15, 2017 is attached hereto as **Exhibit G.***

19.     By Change of Beneficiary Request submitted February 19, 2019, the Insured designated his mother-in-law Charlotte B. Schlitter 60% primary beneficiary and Shannan Roberts 40% primary beneficiary of the Universal Life Policy. *A copy of the Change of Beneficiary request is attached hereto as **Exhibit H.***

20.      On or about February 27, 2020, upon the Insured's request, 100% of the Universal Life Policy's accelerated benefit was issued to the Insured. Therefore, there is no death benefit due under the Universal Life Policy as a result of the death of the Insured.

POLICY NUMBER 45934584: WHOLE LIFE POLICY 2

21.     In or about November 1996, the company issued individual life insurance policy number 45934584 (the "Whole Life Policy 2") to the Insured, which provided coverage on the life of the Insured.

22.     On or about November 26, 1996, the Insured designated his daughters, Patricia Roberts and Lee Anne Roberts, as equal Primary Beneficiaries to the Whole Life Policy 2 death benefits. *A copy of the relevant portion of the Application dated November 26, 2016 is attached hereto as* **Exhibit I.**

23.     By Change of Beneficiary Request dated January 21, 2010, the Insured designated Shannan Roberts as sole Primary Beneficiary to the Whole Life Policy 2 death benefits. He designated Patricia and Lee Ann Roberts as equal Secondary Beneficiaries to the Whole Life 2 death benefits.  *See* **Exhibit F.**

24.     By Change of Beneficiary Request submitted February 19, 2019, the Insured designated Patricia and Lee Anne Roberts as equal Primary Beneficiaries to the Whole Life Policy 2 death benefits. *See* **Exhibit C.**

POLICY NUMBER 42757886: WHOLE LIFE POLICY 3

25.     On or about November 1987, the Company issued individual life insurance policy number 42757886 (the "Whole Life Policy 3") to the Insured, which provided coverage on the life of the Insured.

26.     On or about November 11, 1987, the Insured designated his daughters, Patricia Roberts and Lee Anne Roberts, as equal Primary Beneficiaries to the Whole Life Policy 3 death benefits.  He designated his estate as the Secondary Beneficiary to Whole Life Policy 3 death benefits. *A copy of the relevant portion of the Application dated November 11, 1987 is attached hereto as* **Exhibit J.**

27.     By Change of Beneficiary Request dated May 13, 1992, the Insured designated his wife Shannan Robert and his daughters Patricia and Lee Anne Roberts equal Primary Beneficiaries to the Whole Life Policy 3.  *A copy of the Change of Beneficiary request is attached hereto as* ***Exhibit K.***

28.     By Change of Beneficiary Request dated January 21, 2010, the Insured designated Shannan Robert as sole primary beneficiary to the Whole Life Policy 3 death benefits.  He designated Patricia and Lee Ann Roberts equal Secondary Beneficiaries to the Whole Life Policy 3 death benefits.  *See* ***Exhibit F.***

29.     By Change of Beneficiary Request submitted February 19, 2019, the Insured designated Patricia and Lee Anne Roberts as equal Primary Beneficiaries to the Whole Life Policy 3 death benefits. *See* ***Exhibit C.***

30.     On or about February 27, 2020, upon the Insured's request, 100% of the Whole Life Policy 3's accelerated benefit was issued to the Insured.  Therefore, there is no death benefit due under the Universal Life Policy as a result of the death of the Insured.

<u>THE COMPETING CLAIMS TO THE DEATH BENEFITS</u>

31.     By letter dated May 12, 2020, Shannan Roberts, through counsel, provided the Company with a copy of a Standing Pendente Lite Order dated April 30, 2015 but electronically filed on October 5, 2018 that included a "Preservation of Assets" provision, that included an order that the parties are not to "change beneficiaries upon any life insurance policies … or in any way alter the current cash value of any life insurance policy."  *A copy of the letter dated May 12, 2020 and enclosed Order is attached hereto as* ***Exhibit L.***

32.     In response to the May 12, 2020 letter and notice to the Company of the Standing Pendente Lite Order, the Company placed a hold on the life insurance policies thereby preventing

Case 5:20-cv-01299-LCB   Document 1   Filed 09/01/20   Page 7 of 10


further changes to the policies until further notice. *A copy of the letters dated May 26,2020 to Counsel and to the Insured is attached hereto as* **Exhibit M.**

33.     Upon information and belief, the Insured died on June 6, 2020. *A copy of the Insured's Certificate of Death is attached hereto as* **Exhibit N.**

34.     As a result of the death of the Insured, death benefits in the aggregate amount of $200,213.90 (the "Aggregate Death Benefit"), which is comprised of $173,967.00 in Term Extension Policy death benefits, $8,664.81 in Whole Life Policy 1 death benefits, and $17,582.09 in Whole Life Policy 2 death benefits, became due to a beneficiary or beneficiaries and the Company concedes liability to that effect.

35.     By Death Benefit Proceeds Forms dated June 17, 2020 and August 7, 2020, Patricia Roberts and Lee Anne Roberts, respectively, asserted claims to the Aggregate Death Benefit through their attorney. *A copy of the Death Benefit Proceeds Forms dated June 17, 2020 and August 7, 2020 is attached hereto as* **Exhibit O.**

36.     By letter dated August 7, 2020, Shannan Roberts, through counsel, asserted a claim to the Aggregate Death Benefit and contested the validity of the 2019 change of beneficiary requests. Counsel for Shannan Roberts contends that the Insured was not legally permitted to make beneficiary changes at the time due to the Standing Pendente Lite Order filed October 5, 2018 and issued in connection with the Insured and Shannan Roberts's divorce proceedings. *A copy of the letter dated August 7, 2020, is attached hereto as* **Exhibit P.**

37.     By letter dated August 11, 2020, counsel for Patricia Roberts and Lee Anne Roberts alleged that the death of the Insured prior to the issuance of a final decree of divorce terminated the Standing Pendente Lite Order and demanded payment of the Aggregate Death Benefit to his clients. *A copy of the letter dated August 11, 2020 is attached hereto as* **Exhibit Q.**

38.     If the Court gives legal effect to the 2019 designations, Patricia and Lee Anne Roberts would be entitled to the Aggregate Death Benefit, as the beneficiaries of record for the Term Extension Policy, Whole Life Policy 1, and Whole Life Policy 2 at the time of the Insured's death.

39.     If instead the Court determines the 2019 designations are invalid due to the Standing Pendente Lite Order, Shannan Roberts would be entitled to the Whole Life Policy 1 and Whole Life Policy 2 death benefit as the immediately prior, pre-May 5, 2018, beneficiary of record for those two policies, and the Term Extension Policy would be payable pursuant to the original Application designation – Shannan Roberts 50%, Patricia Roberts 25%, and Lee Ann Roberts 25% – as the designation in effect at the issuance of the May 5, 2018 Standing Pendente Lite Order.

40.     There have been no other claims for the Aggregate Death Benefit. Under the circumstances, the Company cannot determine who is entitled to the Aggregate Death Benefit. By reason of the actual or potential claims of the interpleading defendants, the Company is or may be exposed to multiple liability.

41.     The Company is ready, willing, and able to pay the Aggregate Death Benefits plus applicable interest, if any, in accordance with the terms of the applicable policies to whomever this Court shall designate.

42.     As a mere stakeholder, the Company has no interest (except to recover its attorneys' fees and cost of this action) in the Aggregate Death Benefit and respectfully requests that this Court determine to whom the Aggregate Death Benefit should be paid.

43.     The Company accordingly will deposit into the Court the Aggregate Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

44.     The Company has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between the Company and any of the Defendants. The Company brings this Complaint of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, the Company prays that the Court enter judgment:

(a)     requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Aggregate Death Benefit;

(b)     enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Aggregate Death Benefit and/or the Term Extension Policy, the Whole Life Insurance Policy 1, the Universal Life Policy, the Whole Life Insurance Policy 2, and/or the Whole Life Insurance Policy 3;

(c)     requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Aggregate Death Benefit should be paid;

(d)     permitting the Company to deposit the amount of the Aggregate Death Benefit, plus applicable interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e)     discharging the Company from any and all further liability to Defendants relating in any way to the Term Extension Policy, the Whole Life Insurance Policy 1, the Universal Life Policy, the Whole Life Insurance Policy 2, and/or the Whole Life Insurance Policy 3, and/or the Aggregate Death Benefit upon payment of the Aggregate Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f)     awarding the Company its attorneys' fees and costs in their entirety; and

(g)     awarding the Company any other and further relief that this Court deems just and proper.

Respectfully submitted,

*/s/ Felicia A. Long*
Felicia A. Long (ASB-5532-F51L)
Counsel for Plaintiff New York Life
Insurance and Annuity Corporation

**OF COUNSEL:**
**Hill, Hill, Carter, Franco, Cole & Black, P.C.**
Post Office Box 116
Montgomery, Alabama 36101-0116
TEL:  (334) 834-7600
FAX: (334) 386-4394

**<u>Defendants will be served by the Plaintiff at the following addresses:</u>**

Shannan Roberts
1400 Sierra Blvd. SE
Huntsville, AL 35801

Patricia Roberts
311 Summit Drive
Destin, FL 32541

Lee Ann Roberts
2203 Shades Crest Road SE
Huntsville, AL 35801