FILED
2021 Mar-01 PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| **NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION;** | ) | |
| ***Plaintiff,*** | ) | |
| **v.** | ) | **CASE NO.: 5:20-CV-01299-LCB** |
| **SHANNAN ROBERTS, PATRICIA ROBERTS and LEE ANN ROBERTS;** | ) | |
| ***Defendants.*** | ) | |
| **SHANNAN ROBERTS;** | ) | |
| ***Counter-Plaintiff,*** | ) | |
| **v.** | ) | |
| **NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION, WILLIAM A. BEE and BEE INSURED BENEFITS GROUP, L.L.C.;** | ) | |
| ***Counter-Defendants.*** | ) | |

---

**DEFENDANT/COUNTER-PLAINTIFF SHANNAN ROBERTS' OPPOSTION TO THIRD-PARTY DEFENDANTS' MOTION TO DISMISS**

---

COMES NOW the Defendant/Counter-Plaintiff, Shannan Roberts, and files this her Opposition to Third-Party Defendants William A. Bee and Bee Insured Benefits Group, LLC's Motion to Dismiss. As grounds, Defendant/Counter-Plaintiff states the following:

## INTRODUCTION

A complaint may not be dismissed under Rule 12(b)(1) of the *Federal Rules of Civil Procedure* unless it appears beyond a doubt that jurisdiction does not apply. The material facts presented by the Counter-Defendants are not in dispute. However, the Counter-Defendants have misinterpreted the nature of the Counter-Plaintiff's causes of action. The Counter-Plaintiff **is not seeking** the proceeds of the underlying life insurance policies. Rather, the Counter-Plaintiff has alleged the Counter-Defendants breached their fiduciary duty, and among other causes of action, intentionally, negligently, and/or recklessly made material misrepresentations to the Counter-Plaintiff to her detriment. Certainly, this Honorable Court maintains subject matter jurisdiction to hear and adjudicate these causes of action.

## ARGUMENT

**1) Causes of Action Asserted by Counter-Plaintiff Survive the Abatement of the Divorce Action.**

The threshold issue in this matter is whether the Counter-Defendants breached a fiduciary obligation to Counter-Plaintiff and whether certain material misrepresentations were made by Counter-Defendants to the detriment of the Counter-Plaintiff. While it is true, that the subject Interlocutory Order was a nullity upon the death of the Counter-Plaintiff's husband, the Counter-Plaintiff is not seeking the enforcement of such Order. Rather, the Counter-Plaintiff is seeking redress for misrepresentations made to her and the breach of a fiduciary duty owed to her by the Counter-Defendants. In truth, the Counter-Defendant's Motion to Dismiss and the Counter-Plaintiff's assertions in her Answer and Counter-Complaint represent two ships passing in the night.

The Counter-Plaintiff does not dispute the Counter-Defendant's legal analysis of *Ex Parte Thomas*, 54 So. 3d 356 (Ala. 2010), and its prodigy, that when a spouse passes during the pendency of a divorce, any standing interlocutory orders which prohibit parties to a divorce from

distributing assets, including life insurance policies, are not enforceable. As the Counter-Defendant's pointed out, in *Ex Parte Thomas*, the subject husband changed the beneficiaries of his life insurance policy to his brother despite an interlocutory order which prohibited him from doing such. *Id.* at 357. The wife brought suit against her deceased husband's brother seeking the life insurance proceeds. *Id.* If such were the facts in the instant matter, the Counter-Plaintiff would agree the instant matter is due to be dismissed. However, the facts are much different.

In the instant matter, the Counter-Defendant, Bee, was the life insurance agent to both the Counter-Plaintiff and her now deceased husband, William. Thus, he owed a fiduciary duty to the Counter-Plaintiff. As this Honorable Court is aware, a fiduciary duty is an obligation of loyalty and good faith to someone or some entity that is the highest duty known to the law. As one great jurist wrote, it does not allow for, "…a scintilla" of disloyalty to exist. Further, the factual allegations asserted in the Answer and Counter-Complaint as part of this action assert the Counter-Defendants not only violated the fiduciary duty owed to the Counter-Plaintiff, but also were guilty of making material misrepresentations to the Counter-Plaintiff to her detriment. The

Counter-Plaintiff is seeking damages predicted on these causes of action and are not seeking to obtain any of the proceeds of the underlying, and subject, life insurance policies.  As such, the Counter-Defendants' Motion to Dismiss due to lack of subject matter jurisdiction is due to be denied.

**WHEREFORE,** Defendant/Counter-Plaintiff respectfully requests this Court deny Third-Party Defendants' Motion to Dismiss and order such further, other relief as may be just and necessary.

        Respectfully submitted,

        */s/ Will League*
        Will League
        Alabama State Bar: ASB-8273-E66J

***Siniard, Timberlake, & League, P.C.***
Attorneys for Plaintiff
125 Holmes Avenue
Post Office Box 2767
Huntsville, Alabama 35804
Telephone:  256-536-0770
Facsimile:  256-539-0540
League@law-injury.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2021, I electronically filed notice of the foregoing with the Clerk of Court using CM/ECF system and/or U.S. Mail which will send notification of such filing to the following:

Colin T. Dean, Esq.
Mickey B. Wright, Esq.
LLOYD, GRAY, WHITEHEAD & MONROE, P.C.
880 Montclair Road, Suite 100
Birmingham, AL 35213
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
mwright@lgwmlaw.com
cdean@lgwmlaw.com

Felicia A. Long, Esq.
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, Alabama 36101-0116
TEL: (334) 834-7600
FAX: (334) 386-4394

R. David McDowell, Esq.
401 Holmes Avenue, NE
Suite D
Huntsville, AL 35801

/s/Will League
Will League