FILED

2021 Mar-15  PM 03:24
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| **NEW YORK LIFE INSURANCE COMPANY,** | ) ) ) | |
|     **Plaintiff/Counter-Defendant,** | ) ) | |
| **v.** | ) ) | **Case No: 5:20-cv-01299-LCB** |
| **SHANNAN ROBERTS, PATRICIA ROBERTS, and LEE ANN ROBERTS,** | ) ) ) ) | |
|     **Defendants.** | ) ) | |
| **SHANNAN ROBERTS,** | ) ) | |
|     **Counter-Plaintiff/Third-Party Plaintiff,** | ) ) ) | |
| **v.** | ) ) | |
| **WILLIAM A. BEE and BEE INSURED BENEFITS GROUP, L.L.C.,** | ) ) ) ) | |
|     **Third-Party Defendants.** | ) | |

---

## THIRD-PARTY DEFENDANTS' REPLY TO THIRD-PARTY PLAINTIFF SHANNAN ROBERTS' OPPOSITION TO MOTION TO DISMISS THIRD-PARTY COMPLAINT

---

      Third-Party Defendants William A. Bee ("Bee") and Bee Insured Benefits Group, L.L.C. ("Bee Insured") respectfully submit this Reply to Third-Party

Plaintiff Shannan Roberts' Opposition to Third-Party Defendants' Motion to Dismiss the Third-Party Complaint.

1.      Third-Party Defendants' argument is simple: Shannan Roberts' Third-Party Complaint against Bee and Bee Insured is predicated solely on the alleged violation of an interlocutory order, the Standing Pendente Lite Order, entered in her divorce proceedings with William Roberts. The Order dissolved and became a nullity when William Roberts passed away and the divorce action abated. As a result, Alabama law holds that the Order can no longer be enforced, and this Court therefore lacks subject-matter jurisdiction over Shannan Roberts' claims. *See Ex parte Thomas*, 54 So. 3d 356 (Ala. 2010). Consequently, the Third-Party Complaint should be dismissed pursuant to Rule 12(b)(1) of the *Federal Rules of Civil Procedure*.

2.      Ms. Roberts agrees with Third-Party Defendants' analysis of *Ex parte Thomas* and its progeny. (*See* Opposition Brief, Doc. 34, p. 3.) Ms. Roberts further agrees that the Standing Pendente Lite Order became a nullity and was unenforceable upon the death of William Roberts and the subsequent abatement of the state court divorce action. (*See id.*)

3.      In order to avoid this controlling law, though, and distinguish this case from *Ex parte Thomas*, Ms. Roberts now claims that she is not seeking enforcement of the Standing Pendente Lite Order and makes the astounding

2

assertion that she "**is not seeking** the proceeds of the underlying insurance policies." (*Id.* at p. 2 (emphasis in original).)[1] Instead, Ms. Roberts contends that her claims against Bee and Bee Insured are separate and apart from the Standing Pendente Lite Order[2] and therefore survive the Motion to Dismiss.

4.     Ms. Roberts, however, offers the Court no case law whatsoever in support of her position and fails to show why this case should be treated differently than the virtually identical *Ex parte Thomas*. Indeed, Ms. Roberts' offers nothing more than vague descriptions of her causes of action and the conclusory statement that this case is somehow distinguishable from other controlling cases. These unsupported statements, however, are insufficient as a matter of law to establish that the Court has subject-matter jurisdiction over Ms. Roberts' claims sufficient to defeat Third-Party Defendants' Motion to Dismiss. *See Taylor v. Appleton,* 30 F.3d

---

[1] If that were true, however, then the Parties would not be here in the first place, and New York Life Insurance Company would not have filed the underlying Complaint in Interpleader (Doc. 1) upon which Ms. Roberts' Counterclaims and Third-Party Complaint are based.

[2] Ms. Roberts' Third-Party Complaint does not include this now-argued theory, namely that her claims and recovery are not premised on the alleged violation of the Standing Pendente Lite Order, but instead arise out of her status as a customer of Third-Party Defendants or as a contingent beneficiary in the subject life insurance policies. If it had, and was this Motion based on Rule 12(b)(6) rather than 12(b)(1), the claims would nonetheless be due to be dismissed for failure to state a claim, including, but not limited to, because insurance agents and brokers are generally not considered fiduciaries under Alabama law and contingent beneficiaries are owed no duties. *See Express Oil Change, LLC v. ANB Ins. Serv.*, Inc., 933 F.Supp. 2d 1313, 1351 (N.D. Ala. 2013); *see also Moody v. Physicians Mut. Ins. Co.*, 789 F. App'x 777 (11th Cir. 2019) (holding that, under Alabama law, beneficiary of a life insurance policy does not have a fiduciary relationship with the insurer); *Fortis Benefits Ins. Co. v. Pinkley*, 926 So. 2d 981 (Ala. 2005) (holding that an insurer does not have a contractual or fiduciary duty to make inquiries as to the propriety of a change of beneficiary designation submitted to it).

1365, 1367 (11th Cir. 1994) (holding that the party invoking jurisdiction bears the burden of producing facts sufficient to establish subject-matter jurisdiction).

5.     Despite Ms. Roberts' assertion that she is not seeking enforcement of the Standing Pendente Lite Order, it is impossible to separate the claims in the Third-Party Complaint from the Order such that the Court could determine it was doing anything other than enforcing that Order. In her Third-Party Complaint, Ms. Roberts alleges that she made Third-Party Defendants aware of the Order and its restriction preventing Ms. Roberts and William Roberts from making changes to their then-existing life insurance policies. (*See* Third-Party Complaint, Doc. 18, ¶¶ 49-50.) She further alleges that Third-Party Defendants made misrepresentations to her "***after gaining knowledge of the Standing Order***, that no changes would be made to the involved parties' insurance policies, ***in keeping with the same***." (*Id.* at ¶ 71 (emphasis added).) Ms. Roberts also alleges that Third-Party Defendants breached their fiduciary duties to her "by allowing and/or encouraging Mr. Roberts to change beneficiary designations of his life insurance policy or the pay out of accelerated benefits, ***despite explicit knowledge of the previously described Pendente Lite Order***." (*Id.* at ¶ 85 (emphasis added).)

6.     Thus, each of Ms. Roberts' causes of action is plainly based on an alleged violations of the Standing Pendente Lite Order. It is impossible to separate the allegations against Third-Party Defendants from the Order itself. Indeed, but

4

for the Standing Pendente Lite Order, Ms. Roberts would have no claims to assert. If the Standing Pendente Lite Order had not been in place, then Bee allegedly allowing William Roberts to change his beneficiary designations and to claim the pay out of accelerated death benefits would not be an alleged breach of fiduciary duties, nor would the purported statements made by Bee concerning the same constitute material misrepresentations.

7.      Ms. Roberts' assertion that she is not seeking recovery of the proceeds of the underlying life insurance policies and thus is not attempting to enforce the Standing Pendente Lite Order is a red herring.

8.      First, it is unsupported by any case law whatsoever and therefore does not justify departing from the well-settled law set forth in *Ex parte Thomas*. Second, it is factually inaccurate as evidenced by a review of her pleadings in this matter, as Ms. Roberts is, in fact, attempting to recover the subject life insurance proceeds in the interpleader action underlying her Third-Party Complaint. Third, by asserting claims based on actions and omissions by Third-Party Defendants that purportedly violated the Standing Pendente Lite Order, Ms. Roberts is undeniably asking the Court to enforce that Order. If the Order is legally unenforceable, Ms. Roberts has no claims because there is nothing for Third-Party Defendants to have violated.

9.     Finally, the case law relied upon by Third-Party Defendants in support of their Motion to Dismiss does not turn on whether or not a party is seeking recovery of underlying insurance proceeds, but instead is based on whether or not the underlying interlocutory order upon which the claims are based is valid and enforceable at the time of the action. Here, as in *Ex parte Thomas*, the Standing Pendente Lite Order, the interlocutory order in question, is no longer enforceable, and Ms. Roberts' claims therefore fail as a matter of law.

10.     As such, the Court lacks subject-matter jurisdiction over Ms. Roberts' claims, and the Third-Party Complaint should be dismissed.

Dated: March 15, 2021

Respectfully submitted,

BY: *s/ Colin T. Dean*
     Mickey B. Wright (ASB-6157-I71W)
     Colin T. Dean (ASB-3995-C24D)
     ***Attorneys for Third-Party Defendants***
     ***William A. Bee and Bee Insured***
     ***Benefits Group, L.L.C.***

<u>**OF COUNSEL:**</u>
**LLOYD, GRAY, WHITEHEAD & MONROE, P.C.**
880 Montclair Road, Suite 100
Birmingham, AL 35213
Telephone: (205) 967-8822
Facsimile: (205) 967-2380
mwright@lgwmlaw.com
cdean@lgwmlaw.com

3804159_1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of March, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/CEF system, which will send notification to the following via electronic mail:

Felicia A. Long
Hill, Hill, Carter, Franco, Cole & Black, P.C.
Post Office Box 116
Montgomery, AL  36101-0116
*Attorney for New York Life Insurance Company*

Will League
W. Heath Brooks
Siniard, Timberlake & League, P.C.
Post Office Box 2767
Huntsville, AL  35804
*Attorneys for Shannan Roberts*

R. David McDowell, Esq.
401 Holmes Avenue, NE
Suite D
Huntsville, AL  35801
*Attorney for Patricia Roberts & Lee Ann Roberts*

_s/ Colin T. Dean_____
OF COUNSEL

7

3804159_1